■ JAMES C. OHLSEN et al., Respondents, v PHILLIP J. MAHAR, Appellant, et al., Defendants. [722 NYS2d 431] —Crew III, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered December 23, 1999 in Albany County, which, *inter alia*, denied defendant Phillip J. Mahar's motion for summary judgment dismissing the complaint against him.

In 1994, defendants John B. Garrett, Jr. and John B. Garrett, III sold John B. Garrett, Inc. (hereinafter the Company) to plaintiffs. Following the sale, plaintiffs discovered that the Company previously had incurred a $27,011.68 tax penalty for failing to file certain documents relative to the Company's pension and profit sharing plan, as the result of which the Internal Revenue Service had levied against the Company's funds. John B. Garrett, Jr. claims that he reimbursed the Company with moneys borrowed from the pension plan and executed a promissory note in favor of the plan. Notably, the promissory note purportedly memorializing his indebtedness to the plan was not executed until some four years after the transfer.

Plaintiffs commenced this action against, among others, defendant Phillip J. Mahar (hereinafter defendant), the Company's accountant, for fraud alleging that he failed to disclose such transactions on the Company's financial statements. De-

fendant moved for summary judgment on the ground that plaintiffs had sustained no demonstrative damages as a result of the alleged misrepresentations. Supreme Court denied the motion and this appeal by defendant ensued.

We affirm. Plaintiff's assertion that the decision to borrow pension funds might result in tax penalties and/or disqualification of the plan at some future point in time is, as defendant correctly notes, wholly speculative and does not constitute sufficient proof of damages. A legitimate question of fact does, however, exist as to whether the moneys owed to the plan could constitute a corporate liability that, under the terms of the stock purchase agreement, would have reduced the purchase price of the Company. Accordingly, summary judgment was properly denied.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.